This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-40953

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES,**
**DEPARTMENT,**

　　Petitioner-Appellee,

v.

**DA'ZHUA F.,**

　　Respondent-Appellant,

and

**JEFFREY S. and RAYTODRICK H.,**

　　Respondents,

**IN THE MATTER OF KAIIDEN H.,**
**AZAYLAH S., JALAYAH S.,**
**KAIIDENCE S., and NIAZHUA S.,**

　　Children.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC

Richard H. Cravens, IV
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Appellant Da'Zhua F. (Mother) appeals the termination of her parental rights to four of her children, A.S., J.S., K.S., and N.S. (Children). We issued a calendar notice proposing to affirm. Mother has responded with a memorandum in opposition. We affirm.

**{2}** Mother continues to claim that the Children, Youth, & Families Department (CYFD) presented insufficient evidence to support the termination of her parental rights to Children. [MIO 22]

**{3}** Termination of parental rights is appropriate when

> the child has been a neglected or abused child as defined in the Abuse and Neglect Act and the court finds that the conditions and causes of the neglect and abuse are unlikely to change in the foreseeable future despite reasonable efforts by the department or other appropriate agency to assist the parent in adjusting the conditions that render the parent unable to properly care for the child.

NMSA 1978, § 32A-4-28(B)(2) (2005, amended 2022); *see also State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 21, 132 N.M. 299, 47 P.3d 859 (same). "It is the state's burden to prove the statutory grounds for termination by clear and convincing evidence." *State ex rel. Child., Youth & Fams. Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 13, 126 N.M. 664, 974 P.2d 158.

> For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact[-]finder's mind is left with an abiding conviction that the evidence is true. The function of the appellate court is to view the evidence in the light most favorable to the prevailing party, and to determine therefrom if the mind of the fact[-]finder could properly have reached an abiding conviction as to the truth of the fact or facts found.

*State ex rel. Child., Youth & Fams. Dep't v. Michelle B.*, 2001-NMCA-071, ¶ 12, 130 N.M. 781, 32 P.3d 790 (internal quotation marks and citation omitted). "This Court will uphold the termination if, viewing the evidence in the light most favorable to the judgment, a fact[-]finder could properly determine that the clear and convincing [evidence] standard was met." *Tammy S.*, 1999-NMCA-009, ¶ 13.

**{4}** In this case, our review of Mother's pleadings and the record indicate that CYFD presented sufficient evidence to terminate Mother's rights. Specifically, Children came into CYFD custody on August 20, 2020, after allegations were made that they were living in an inadequate shelter with no food, electricity, or water; of substance abuse by both Mother and the father; that the home is known as a "dope house," and that Mother and the father allowed two Children to be sexually abused in the home by a relative. [1 RP 21; 3 RP 558]

**{5}** On November 30, 2020, the district court adjudicated Children as abused and neglected under separate statutory definitions. [1 RP 103] *See* NMSA 1978, § 32A-4-2(B)(1) (2018, amended 2023) (defining "abused child" as one "who has suffered or who is at risk of suffering serious harm because of the action or inaction of the child's parent, guardian or custodian"); § 32A-4-2(B)(4) (defining "abused child" as one whose parent "has knowingly, intentionally or negligently placed the child in a situation that may endanger the child's life or health"); § 32A-4-2(G)(2) (defining "neglected child" as one "who is without proper parental care and control or subsistence, education, medical or other care or control necessary for the child's well-being because of the faults or habits of the child's parent, guardian or custodian or the failure or refusal of the parent, guardian or custodian, when able to do so, to provide them"); § 32A-4-2(G)(3) (defining "neglected child" as one "who has been physically or sexually abused, when the child's parent, guardian or custodian knew or should have known of the abuse and failed to take reasonable steps to protect the child from further harm"). The district court adopted CYFD's proposed treatment plan for Mother. [1 RP 105] The treatment plan outlined that Mother would participate in a psychological evaluation, attend a substance abuse program and maintain sobriety, take parenting classes, actively participate and cooperate with therapy, maintain stable housing, keep in contact with a social worker at least once a week, attend supervised visits with Children, obtain employment, and participate in a urinalysis. [1 RP 136; 3 RP 559]

**{6}** In its findings of fact in support of its order terminating Mother's parental rights, the district court found that CYFD made multiple efforts to assist Mother in attending psychological evaluations. [3 RP 559-60] Mother never completed her psychological evaluation. [3 RP 559] Mother moved to Texas for a few months in 2021, and did not participate in drug tests. [3RP 560] Mother tested positive for drug use at some point upon her return to New Mexico, and did not comply with testing during this time. [3 RP 561-62] Mother claimed, but provided no proof, that she was attending counseling remotely. [3 RP 562-63] Mother appeared to be under the influence during supervised visits with Children, and only attended 25 percent of scheduled sessions since March 2022 causing Children to be distraught. [3 RP 563] Although Mother made attempts to attend parenting classes and some other aspects of compliance, she is living with a

friend in Texas and refuses to give the friend's address or name to CYFD. [3 RP 564] Children have been diagnosed with multiple behavioral issues, and their therapist believes termination of parental rights would be in their best interests. [3 RP 566-67]

{7}     Mother continues to argue that CYFD should have made greater efforts to treat her substance abuse, and that it generally did not make reasonable efforts. [MIO 22] We disagree. Viewing the evidence in the manner most favorable to the decision below, we conclude that CYFD satisfied its burden to support termination. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 43-44, 48, 421 P.3d 814 (concluding that substantial evidence supported the finding that CYFD made reasonable efforts when it prepared a treatment plan for the father, reviewed it with him, and scheduled appointments, but where the father did not show up, participate in any evaluations, and did not contact CYFD throughout the pendency of the proceedings despite CYFD's efforts); *Patricia H.*, 2002-NMCA-061, ¶ 23 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."); *Tammy S.*, 1999-NMCA-009, ¶¶ 14-15 (explaining that where CYFD developed a treatment plan for a father that included counseling and alcohol treatment, the "[f]ather's transience, failure to communicate, and lack of cooperation rendered [CYFD]'s efforts sufficient"); *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶¶ 21, 53, 136 N.M. 53, 94 P.3d 796 (observing that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and that "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused").

{8}     For these reasons, we affirm.

{9}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**